## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**CADARRIO DEWAYNE PATRICK, #150157**                    **PETITIONER**

**versus**                              **CIVIL ACTION NO. 3:16-CV-00922-HTW-MTP**

**ATTORNEY GENERAL OF THE**
**STATE OF MISSISSIPPI**                              **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition of Cadarrio Dewayne Patrick ("Petitioner") for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [8] pursuant to 28 U.S.C. § 2244(d). The Petition was filed November 17, 2016,[1] and the motion to dismiss was filed on January 4, 2016. Petitioner has not responded to the motion, and his time to do so has long since passed. Having considered the Motion, the record, and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [8] be granted and the Petition [1] be dismissed with prejudice.

### PROCEDURAL HISTORY

On August 3, 2012, Petitioner pled guilty to capital murder and robbery in the Circuit Court of Scott County, Mississippi. *See* [8-1]. That same day, he was sentenced to serve a term of life on the capital murder charge and ten (10) years on the robbery charge, to run consecutively. *See* [8-2].

---

[1] "For pleadings submitted by prisoners acting *pro se*, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir.1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D.Ga.1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n. 3 (E.D.La. July 29, 1999)(unpublished). In this case, Patrick signed the petition on November 17, 2016.

On November 26, 2012,[2] Petitioner filed a motion for post-conviction collateral relief in the Circuit Court of Scott County. *See* [8-3]. On December 10, 2012, the trial court granted the motion in part and dismissed it in part, finding that Petitioner's conviction for robbery "subjected him to Double Jeopardy" and vacated that judgment, while leaving Petitioner's conviction and sentence for capital murder intact. *See* [8-4]. A review of the Mississippi appellate docket and the record before the Court reflects that Petitioner did not appeal this decision.[3]

On March 5, 2013, Petitioner filed a "Motion for Permission to Proceed Out of Time" in Scott County Circuit Court. *See* [8-5]. This motion addressed the merits of petitioner's murder conviction and robbery conviction, and the trial court treated it as a second motion for post-conviction collateral relief.   *See* [8-6]. The court ruled that the issues regarding the robbery claims were moot. *Id.* Further, the court denied the petition as successive on March 15, 2013. *Id.* at 2. On July 29, 2013, Patrick filed an untimely notice of appeal of the trial court's judgment. *See* [8-7]. On August 29, 2013, a Show Cause Notice was entered directing Patrick to show why his appeal should not be dismissed as untimely. *See* [8-8]. Through Patrick filed a response, the appeal was dismissed as untimely. *See* [8-9] and [8-10]. The Mississippi Supreme Court's mandate issued on October 17, 2013. *See* [8-11].

On June 18, 2015, Patrick filed another "Motion for Post-Conviction Collateral Relief" in Scott County Circuit Court. *See* [8-16]. This motion was denied on September 24, 2015, as successive. *See* [8-17].

The Petitioner filed the instant Petition for Writ of Habeas Corpus [1] on November 17,

---

[2] Throughout this report and recommendation, the undersigned gives petitioner the benefit of the mailbox rule and considers the date he signed documents as the day he filed them.
[3] The Mississippi Supreme Court and Court of Appeals dockets can be reviewed at https://courts.ms.gov/appellate_courts/generaldocket html (last visited March 6, 2017).

2016. Thereafter, Respondent filed his Motion to Dismiss [8], asserting that the Petition was not timely filed and should be dismissed.

### ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). The Fifth Circuit clarified the law for purposes of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review. We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Petitioner was sentenced on August 3, 2012, after entering a guilty plea. Under Mississippi law, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Thus, Petitioner's conviction became final–and the statute of limitations for federal habeas relief began to run–on August 3, 2012. Petitioner was required to file his federal habeas petition by August 5, 2013 (since August 3, 2013, fell on a Saturday), unless he was entitled to statutory and/or equitable tolling. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his petition on November

17, 2016.

## **Statutory Tolling**

Whether statutory tolling occurred during the period between the judgment becoming final on August 3, 2012, and Petitioner filing his federal Petition on November 17, 2016, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending.

Petitioner filed his first motion for post-conviction relief, and it was pending for fourteen days (November 26, 2012, through December 10, 2012) before the court granted it in part and denied it in part. *See* [8-4]. Petitioner did not appeal this decision. Petitioner then filed his second motion for post-conviction relief on March 5, 2013 where it was pending for ten days before the court ruled (March 5, 2013, through March 15, 2013). *See* [8-6] and [8-7]. Petitioner appealed this decision, but the appeals court dismissed it as untimely; thus, he is not entitled to any statutory tolling during the pendency of this appeal.[4] *See Pace v. DiGuglielmo*, 544 U.S. 408, 414–18 (2005) ("Time limits on postconviction petitions are 'condition[s] to filing,' such that an untimely petition would not be deemed 'properly filed.'") (*quoting Artuz v. Bennett*, 531 U.S. 4 (2000)).

Petitioner is entitled to 24 days of statutory tolling from his first and second motions for post-conviction relief as they were properly filed in the trial court. As such, Patrick's petition was due in this Court on or before August 29, 2013 (August 5, 2013, plus 24 days).

---

[4] After his untimely appeal was denied, Petitioner filed two documents with the Mississippi Supreme Court that were considered motions for post-conviction relief. However, these were dismissed because they were improperly filed at the supreme court instead of the petitioner's trial court. *See* [8-12];[8-13];[8-14];[8-15]. As these were not properly filed, they do not count towards statutory tolling. 28 U.S.C. § 2244(d)(2); *see also Pace,* 544 U.S. at

On June 18, 2015, Patrick signed and filed his third "Motion for Post-Conviction Collateral Relief," in Scott County. However, because this motion was filed after his federal petition was due in this Court, he is not entitled to statutory tolling. *See Baldwin v. Parker*, No. CIVA506CV58-DCB-MTP, 2006 WL 3858896, at *3 (S.D. Miss. Dec. 28, 2006) (State post-conviction petition cannot toll the one-year limitation period described in section 2244(d)(2) if it is filed after Petitioner's federal filing deadline has passed); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under Section 2244(d)(2) because it was not filed until after the limitation period expired). Accordingly, Petitioner did not benefit from statutory tolling for this motion under Section 2244(d), and his federal habeas deadline remained August 29, 2013.

**Equitable Tolling**

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in Section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). Additionally, in order to establish that he is entitled to equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently . . . ." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to

---

414–18 (application must be properly filed).

justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811).   Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petioner has not responded to the Motion to Dismiss [8], and has not addressed equitable tolling. In his petition, he mentions that he is *pro se* and may make mistakes. *See* [1] at 16. However, "[p]ro se status by itself does not qualify as an extraordinary circumstance" to merit equitable tolling. *Dedeaux v. Kelly*, No. 1:08CV101-LG-JMR, 2008 WL 4793759, at *2 (S.D. Miss. Oct. 27, 2008)(citing *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002)). Thus, Petitioner is not entitled to equitable tolling.

## CONCLUSION

Petitioner's state court judgment became final on August 3, 2012. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), Petitioner was required to file his federal petition by August 29, 2013, giving credit for 24 days of statutory tolling. Petitioner filed his petition on November 17, 2016, over 3 years past the deadline.   Accordingly, he cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [8] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the judge, the magistrate judge and the opposing party.   The

District Judge at the time may accept, reject or modify in whole or part, the recommendations of

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

instructions.   The parties are hereby notified that failure to file written objections to the

proposed findings, conclusions, and recommendations contained within this report and

recommendation within fourteen days after being served with a copy shall bar that party, except

upon grounds of plain error, from attacking on appeal the proposed factual findings and legal

conclusions accepted by the district court to which the party has not objected.   *Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 6th day of March, 2017.

s/ Michael T. Parker
United States Magistrate Judge